IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHALMERS SISSOEN,** | ) | |
| Plaintiff, | ) | C.A. No. 20-44 Erie |
| v. | ) | |
| | ) | |
| **BEACON COMMUNITIES, et al.,** | ) | District Judge Susan Paradise Baxter |
| Defendants. | ) | |

### MEMORANDUM OPINION

Plaintiff Chalmers Sissoen commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a complaint directed against Defendants Beacon Communities and Dana Preston, property manager at Richford Arms Apartments in Erie, Pennsylvania. The complaint alleges, in pertinent part, that Defendants refuse to provide 24-hour security personnel at Richford Arms Apartments which allegedly "places [him] and others in grave danger which drug dealers have easy access to building anytime." (ECF No. 1-1, at p. 8, ¶ 4). As relief, Plaintiff requests monetary damages, and asks that Defendant Preston be "removed from her position" and that new management be obtained for Richford Arms. (Id., ¶¶ 5-6).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v.

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

1

Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, Plaintiff cites diversity of jurisdiction as the basis for this Court's jurisdiction; however, all parties are alleged to be residents of Erie, Pennsylvania, so diversity is not present. Moreover, Plaintiff has failed to state a claim for which there is an independent basis for federal jurisdiction. Because Plaintiff would not be able to cure this deficiency by amendment, the complaint will be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(1).

An appropriate Order follows.